UNITED STATES v. WELLS, FARGO & CO. EXPRESS.

(District Court, S. D. California. November 9, 1898.)

No. 1,077.

INTERNAL REVENUE—STAMP TAX—EXPRESS COMPANY'S RECEIPT.

Under Act Cong. June 13, 1898, Schedule A, relating to stamp taxes, which makes it the duty of every carrier to issue to the shipper or consignor, "from whom any goods are accepted for transportation," a bill of lading, to which a revenue stamp shall be attached and canceled, and providing that any failure to issue such bill of lading shall subject the carrier to a penalty, it is only when the carrier accepts a consignment for transportation that he is required to issue a stamped bill of lading; his refusal to accept goods offered for shipment does not expose him to the penalty of the act.

Action to recover a penalty under the provisions of the internal revenue law of June 13, 1898 (Schedule A, "Stamp Taxes"). Heard on demurrer to complaint.

Frank P. Flint, U. S. Atty., and F. G. Finlayson, Asst. U. S. Atty. Graves, O'Melveny & Shankland, for defendant.

WELLBORN, District Judge. The complaint alleges that on the 11th day of July, 1898, F. J. Zeehandelaar, at the city of Los Angeles, Cal., presented to defendant a certain package, addressed to Fred L. Baker, Esq., San Pedro, Cal., and demanded that the defendant forward and transport said package to said Baker, at San Pedro, Cal., and issue to said Zeehandelaar a bill of lading, and attach thereto and cancel a stamp of the value of one cent, and that defendant refused, and still refuses, to issue said bill of lading, stamped and canceled as demanded, and that, by reason of such refusal, the defendant has subjected itself to a penalty of $50 for the benefit of the United States, according to the provisions of section 26, Schedule A, "Stamp Taxes," of the revenue law of June 13, 1898, for which penalty the plaintiff prays judgment. Defendant demurs to the complaint, upon the ground, among others, that the complaint does not state facts sufficient to constitute a cause of action. The present hearing is on the demurrer.

Counsel for both parties have assumed, in their briefs, that the question before the court is this: Does the revenue law of June 13, 1898, where it requires a bill of lading to be stamped, impose the cost of the stamp upon the express company or upon the shipper? I have carefully examined the pleadings, and am satisfied that no such question is presented. The provision of the revenue law here pertinent is as follows:

"It shall be the duty of every railroad or steamboat company, carrier, express company, or corporation or person whose occupation is to act as such, to issue to the shipper or consignor, or his agent, or person from whom any goods are accepted for transportation, a bill of lading, manifest, or other evidence of receipt and forwarding for each shipment received for carriage and transportation, whether in bulk or in boxes, bales, packages, bundles, or not so inclosed or included; and there shall be duly attached and canceled, as is in this act provided, to each of said bills of lading, manifests, or other memorandum, and to each duplicate thereof, a stamp of the value of one cent: provided, that but one bill of lading shall be required on bundles or packages of newspapers when inclosed in one general bundle at the time of shipment. Any failure to issue such bill of lading, manifest, or other memorandum, as herein provided, shall subject such railroad or steamboat company, carrier, express company, or corporation or person to a penalty of fifty dollars for each offense, and no such bill of lading, manifest, or other memorandum shall be used in evidence unless it shall be duly stamped as aforesaid."

It will be seen, from even a cursory reading of this clause, that the duty which it imposes upon the express company is to issue a bill of lading only where "goods are accepted for transportation," or "for each shipment received for carriage and transportation." The complaint not only fails to allege that the company accepted for shipment the package in question, but the implication is to the contrary. Whatever may be the liability of an express company to a shipper, on account of its refusal to accept goods offered for carriage

and transportation, such refusal is not a violation of the revenue law. The penalty of said law is incurred only where a company accepts goods so offered, and then refuses to issue for them a bill of lading. The Illinois case cited in plaintiff's brief does not apply to the case at bar, because that was not an action to recover a penalty under the revenue law, but mandamus to compel the company to perform its duty, as a common carrier, of accepting goods offered for shipment. The demurrer to the complaint will be sustained.